**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LARRY W. MOBLEY, SR.**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　**NO. 24-198-JWD-SDJ**

**UNION PACIFIC RAILROAD COMPANY, et al.**

---

**NOTICE**

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

　　In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

　　**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

　　Signed in Baton Rouge, Louisiana, on November 12, 2024.

　　　　　　　　　　　　　　　　　　　　　　　／s／ Scott D. Johnson
　　　　　　　　　　　　　　　　　　　　　　　**SCOTT D. JOHNSON**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY W. MOBLEY, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-198-JWD-SDJ** |
| **UNION PACIFIC RAILROAD COMPANY, et al.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 8) filed by Plaintiff Larry W. Mobley, Sr., on April 10, 2024. Defendant Union Pacific Railroad Company opposes this Motion (R. Doc. 9). For the reasons set forth below, the Court recommends that Plaintiff's Motion to Remand (R. Doc. 8) be **denied** and this matter be **transferred** to the United States District Court for the Western District of Louisiana.

**I.   BACKGROUND**

Plaintiff filed this cause of action on October 6, 2023, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against Union Pacific and the State of Louisiana, through the Department of Transportation and Development.[1] Plaintiff's claims arise from an alleged incident that occurred on or about October 6, 2022, when Plaintiff was driving an 18-wheeler on Kalmbach Road in Keatchie, De Soto Parish, Louisiana, and a train owned by Union Pacific hit the trailer of the 18-wheeler operated by Plaintiff.[2] On March 11, 2024, Union Pacific removed this case to federal court based on diversity jurisdiction.[3]

---

[1] R. Doc. 1-1 at 2 ¶ 1.
[2] *Id.* at 2-3 ¶¶ 4-6.
[3] R. Doc. 1 at 4.

In its Notice of Removal, Union Pacific asserts that diversity jurisdiction exists because the amount in controversy is met and that all properly joined parties are completely diverse.[4] Specifically, Plaintiff is a citizen of Louisiana, while Union Pacific, a corporation, is a citizen of both Delaware and Nebraska.[5] And although DOTD is a citizen of Louisiana, like Plaintiff, Union Pacific argues that it is improperly joined.[6] Following removal, Plaintiff filed the instant Motion to Remand.[7]

## II.    LAW AND ANALYSIS

### A.    Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The removal statute is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Manguno v. Prudential Prop. & Cas.*

---

[4] *Id.* at 4-9.
[5] *Id.* at 4.
[6] *Id.* at 4-7.
[7] R. Doc. 8.

*Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

### B. Improper Joinder and Complete Diversity

"Ordinarily, diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). But, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss them from the litigation, and exercise subject matter jurisdiction over the remaining diverse defendant. *See Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 810 n.5 (5th Cir. 2021) ("[T]he proper mechanism of handling an improperly joined party is to dismiss it, not send it to another court to decide the merits."). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id*. at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). "Therefore, a defendant may establish improper joinder by demonstrating that, '[] there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Hazelton v. Union Pac. R.R. Co.*, 497 F.Supp.2d 800, 803 (W.D. La. 2007) (quoting *Smallwood*, 385 F.3d at 573).

"The Court conducts a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Hazelton*, 497 F.Supp.2d at 803. "If necessary, the Court may, in its discretion, resolve the claims by a summary judgment-like procedure." *Id.* "Although the district court may

'pierce the pleadings' to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* (citing *Smallwood*, 385 F.3d at 573-74).

Here, it is undisputed that both Plaintiff and Defendant DOTD are both Louisiana citizens. The question, then, is whether Plaintiff sufficiently has established a cause of action against DOTD. In his Complaint, Plaintiff alleges that DOTD had a duty to maintain the railroad crossing and failed to do so.[8] Union Pacific, however, states that Kalmbach Road is an "off-system" road, meaning it is not part of the system of roads maintained by DOTD.[9] In fact, La. R.S. § 48:757(A)(1) prohibits DOTD from performing work or maintenance on an "off-duty" road.[10] And in its responses to Requests for Admission propounded by Union Pacific, DOTD states unequivocally that "Kalmbach Road is not part of the State of Louisiana's highway system" and that "DOTD has no responsibility for maintenance and replacement of the grade crossing at Kalmbach Road" because "[t]he grade crossing is an off system road crossing."[11]

In his Motion to Remand, Plaintiff does not refute Union Pacific's argument. Rather, Plaintiff states that "[e]ven if DOTD is not responsible for Kalmbach Road—which is not an admission that DOTD does not have custody of such—an entity in Louisiana is responsible for the maintenance of Kalmbach Road, whether it is DOTD, De Soto Parish, or another *Louisiana* entity."[12] Plaintiff continues that "[a]t the time of filing the petition in question, Plaintiff could

---

[8] R. Doc. 1-1 at 4 ¶¶ 10-11.
[9] R. Doc. 9 at 2.
[10] *Id*. La. R.S. § 48:757(A)(1) provides: "The Department of Transportation and Development shall perform no work on the parish road system or on any other roads or streets which are not in the state highway system, whether such work is construction or maintenance and whether the work is done at the expense of the state or at the expense of the governing authority of the parishes, except in [certain circumstances]." To the Court, none of the listed exceptions apply, and neither party argues that any do.
[11] R. Doc. 1-2 at 3.
[12] R. Doc. 8-1 at 2.

not have known whether Kalmbach Road was an 'off system road crossing' or otherwise, as these were facts not yet revealed to Plaintiff."[13]

Based on the evidence presented to the Court, and the lack of any evidence to the contrary, the Court finds that DOTD is not responsible for maintenance of the railroad crossing on Kalmbach Road and, as such, is improperly joined here.[14] *See Hazelton*, 497 F.Supp.2d at 805 ("Other than plaintiffs' general allegations of negligence on the part of the DOTD in failing to maintain its right of way, plaintiffs have not presented any evidence that would dispute or otherwise call into question defendant's evidence that the DOTD had no legal responsibility or duty regarding any trees or other obstacles that allegedly blocked Clinton Hazelton's view … UP has met its burden and the evidence put forth demonstrates that there is no possibility that the plaintiffs would be able to establish a cause of action against the DOTD for failure to maintain its right of way in state court…. Therefore, the DOTD was fraudulently joined and plaintiffs' claims against it must be dismissed.").

In addition, the Court finds dismissal of all claims asserted against DOTD, who was improperly joined, is warranted here. "A finding of improper joinder is tantamount to dismissing the claims by or against the party who was fraudulently joined." *Hazelton*, 497 F.Supp.2d at 806 (quoting *Riles v. Stevens Transp., Inc.*, 2006 WL 3843029, at *6 (W.D. La. 2006). As aptly stated by the *Hazelton* court:

> "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998). This procedure is fair because the defendant's response in opposition to the Motion to Remand properly put plaintiffs on notice that their

---

[13] *Id.*
[14] The Court notes that Plaintiff also argues that removal was improper pursuant to 28 U.S.C. § 1441(b)(2), which prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, however, the Court has determined that DOTD is not a properly joined party. As such, this argument is without merit.

claims against the non-diverse defendants were under attack. *See Riles v. Stevens Transport, Inc.,* 2006 WL 3843029, 6 (W.D.La.,2006).

*Id.* Plaintiff had an opportunity to respond and did in his Motion to Remand, but nonetheless still failed to articulate a viable claim against DOTD. As such, the Court recommends that Plaintiff's claims against DOTD be dismissed.

In his Motion to Remand, Plaintiff also asks that "[i]f this Court finds that DOTD is not responsible for the maintenance and construction [of] Kalmbach Road, Plaintiff [be granted] leave to file an amended petition in East Baton Rouge Parish, Louisiana, pursuant to Fed. R. Civ. P. 15."[15] Per Plaintiff, his "amended petition would name De Soto Parish and Ernel Jones, in his official capacity as President of De Soto Parish" as additional defendants.[16] The Court declines at this point to rule on Plaintiff's request to amend his Complaint. As discussed below, this case should be transferred to the Western District of Louisiana. And as the parties Plaintiff purportedly will add—De Soto Parish and its president—are not located within the purview of the Middle District or otherwise have any links to the Middle District, the Court finds that leave to amend should be addressed by the transferee court.

### C. *Sua Sponte* Transfer of the Case

Under the provisions of 28 U.S.C. §§ 1391(b)(1) and (2), and 28 U.S.C. §§ 1404(a) and 1406(a), a district court may, in the interest of justice and for the convenience of the parties, transfer a claim to a court of proper venue. Plaintiff complains of an incident that occurred in Keatchie, Louisiana, De Soto Parish, which is within the Western District of Louisiana.[17] Plaintiff is a resident of Red River Parish, also in the Western District.[18] And, per Union Pacific, a case

---

[15] R. Doc. 8-1 at 3.
[16] *Id.* at 4.
[17] R. Doc. 1-1 at 2 ¶ 4.
[18] R. Doc. 1 at 4.

based on this same incident already is pending in the Western District of Louisiana.[19] In fact, the only tie to Baton Rouge and/or the Middle District was DOTD, which the Court has found was improperly joined as a party in this proceeding and recommends dismissing. Because the facts underlying Plaintiff's Complaint arose in the Western District of Louisiana, and because it appears that any witnesses will also be in the Western District of Louisiana, it is proper, for the convenience of the parties and in the interest of justice, to transfer this action to the United States District Court for the Western District of Louisiana.

### III.   CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 8) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against non-diverse Defendant the State of Louisiana, Through the Department of Transportation and Development, be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that this action be **TRANSFERRED** to the United States District Court for the Western District of Louisiana on the Court's own motion.[20]

Signed in Baton Rouge, Louisiana, on November 12, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] R. Doc. 9 at 2.
[20] A court may transfer venue on its own motion. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).